BERTHA CHERTOK, Respondent, *v.* JOSEPH EFFREMOFF and Another, Appellants.

First Department, June 18, 1929.

*William Dike Reed* of counsel [*K. Courtenay Johnston* with him on the brief], for the appellant Joseph Effremoff.

*Murray G. Jenkins* of counsel [*Jenkins, Dimmick & Finnegan,* attorneys], for the appellant Leon Harris.

*Eugene L. Bondy* of counsel [*Bondy & Schloss,* attorneys], for the respondent.

PER CURIAM. This is an action for malpractice against a dentist and an oral surgeon. The plaintiff has had a verdict against both defendants. The issues of fact were close. The evidence is sufficient to sustain the jury's finding. The judgment is challenged also upon the ground that the conduct of the plaintiff's trial counsel

rendered the trial unfair. In *New York Central R. Co.* v. *Johnson* (279 U. S. ——, ——), Mr. Justice STONE writes: "The State, whose interest it is the duty of court and counsel alike to uphold, is concerned that every litigation be fairly and impartially conducted and that verdicts of juries be rendered only on the issues made by the pleadings and the evidence. The public interest requires that the court of its own motion, as is its power and duty, protect suitors in their right to a verdict uninfluenced by the appeals of counsel to passion or prejudice." That principle we adopt.

If the conduct of the plaintiff's attorney alone were before us, we should reverse this judgment. The record discloses, however, that the defendants' counsel instigated the bickering, vituperation and appeal to passion and prejudice which characterized the conduct of this trial. The first injection of impropriety occurred when the defendants' counsel, in answer to a request for a stipulation that a sister of the plaintiff would, if called, testify to the same facts which the plaintiff had related, replied with the suggestion that she would tell the same story, "but verbatim." The context showed a plain insinuation to the jury that the plaintiff and her sister were testifying by rote. This was followed shortly thereafter by an insulting argumentative question on the cross-examination of an expert as follows: "You know perfectly well for hire and for money you are down here to do all you can to try to show these two clients of mine guilty of malpractice, aren't you?" The defendants' counsel began a contest of abuse. The plaintiff's counsel regrettably accepted the challenge and conducted his case with equal disregard for the proprieties of a judicial proceeding. No motion was made to withdraw a juror. Both counsel were content to engage in this unwarranted form of advocacy. Their misconduct should not deprive the plaintiff of relief justified by the evidence.

The judgment appealed from should, therefore, be affirmed, with costs.

FINCH, MERRELL, O'MALLEY and PROSKAUER, JJ., concur; MARTIN, J., dissents.

MARTIN, J. (dissenting). In the interest of justice the judgment in this case should be reversed because of the conduct of counsel for the plaintiff.

There are numerous instances of improper questions and remarks of counsel, but the recital of a few will suffice to show his attitude during the entire trial.

"Q. And if he said that the tooth was out at 12 o'clock on

Sunday, is he mistaken? A. His word is as good as mine or mine is as good as his. Q. That is what you figure on in this case? Don't you figure that some idiot might believe you? A. I figure that the counselor tells me — Q. Don't you figure that maybe some idiot might believe you, yes or no? "

Again, we find at page 593, re-cross-examination by Mr. Schloss: " Q. Did you ever hear of Dr. Blum? A. Dr. Theodore Blum? Q. Yes. A. He is a personal friend of mine. Q. Is he a good man? A. Yes. Q. The best in the City? A. I don't make comparisons, but he is a good man. Q. As good as you? A. Better than I. Q. Better than you? A. Yes. Q. Do you know that he was found guilty of malpractice? Mr. Jenkins: I object to that, if your Honor please. Sustained. A. Of course I do know that. Q. So that even good men make mistakes? A. Yes. Q. And so have you made mistakes? A. You bet I have. Mr. Jenkins: I move to strike out of the record the answer with reference to Dr. Blum being penalized. The Court: Yes, strike out the answer. I sustained the objection to the question. Do you make formal motion to strike it from the record and that the jury be instructed to disregard the testimony? Mr. Jenkins: Yes. The Court: Gentlemen of the jury, any reference to Dr. Blum should be eradicated from your mind, gentlemen of the jury, do not consider it at all."

It is a matter of great importance in the administration of justice that the trial of an action should be free from all unfair conduct and improper remarks and that a verdict should be obtained on the evidence and not through prejudice.

The fact that counsel for the defendants was also guilty of improper conduct does not render less objectionable the conduct of plaintiff's attorney. It does not right a wrong nor render just an unjust verdict obtained through unfair methods. Such conduct, especially in tort cases, is of too frequent occurrence. These defendants were entitled to a fair trial, irrespective of the conduct of their counsel, which in any event should not be compared with that of plaintiff's counsel.

In the prevailing opinion, handed down herewith it is said: " If the conduct of the plaintiff's attorney alone were before us, we should reverse this judgment. The record discloses, however, that the defendants' counsel instigated the bickering, vituperation and appeal to passion and prejudice which characterized the conduct of this trial."

That appears to have been the excuse offered in the case of *New York Central R. R. Co.* v. *Johnson,* cited in the prevailing opinion. The court answered that argument, as shown in the headnote, as follows: " Want of good judgment or good taste, or

even misconduct, on the part of defendant or his counsel, will not excuse like conduct on the part of opposing counsel."

Although it is sought to excuse the plaintiff's attorney because of alleged infractions of the rules by counsel for the defendants, it is apparent from the record that counsel for the defendants was not a match for plaintiff's attorney in such practices.

In the case referred to in the prevailing opinion the United States Supreme Court in commenting upon the conduct of an attorney emphasized the fact that a law suit is not purely a private controversy of no importance to the public; that every litigation should be fairly and impartially conducted and that verdicts of juries should be rendered on the issues made by the pleadings and the evidence. It was also very emphatically stated that the court of its own motion should protect suitors in their right to a verdict uninfluenced by the appeals of counsel to passion and prejudice.

The two propositions which are admitted by the prevailing opinion, (1) that the issues are close, and (2) the misconduct of counsel, appear to be conclusive on the question of the defendants' right to a new trial.

Judgment affirmed, with costs.